UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donna M. Henderson,

Plaintiff,

v.

Ford Motor Company,

Defendant.

Civil File No. 01-1944 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Partial Motion to Dismiss. Plaintiff is pro se. She did not respond to the Motion in writing, but appeared at the hearing. For the reasons that follow, Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Donna Henderson worked as an hourly employee at the Twin Cities Assembly Plant of Defendant Ford Motor Company ("Ford"). Her employment was terminated on September 23, 1999. On July 18, 2001, Henderson filed a charge of discrimination against Ford with the Equal Employment Opportunity Commission ("EEOC") and the Minnesota Department of Human Rights. In this charge, Henderson alleged that Ford had discriminated against her based on disability and that Ford had retaliated against her. Specifically, Henderson contended that Ford failed to accommodate her disability, placed her in "no work" status, and despite her seniority, failed to promote her. Further, she

FILED FEB 1 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

alleged that she was retaliated against because of a previously filed complaint against Ford and because she provided testimony in other employee suits against Ford.

The EEOC investigated Henderson's charge and concluded that there was no violation on Ford's behalf. Specifically, the EEOC determined that Ford conducted itself in accordance with the Collective Bargaining Agreement, and that Henderson was not a "qualified person with a disability" as required for disability discrimination under the Americans with Disabilities Act. Additionally, the investigation discovered no evidence of retaliation. As a result of the EEOC investigation, Henderson obtained a right-to-sue letter. Henderson subsequently filed suit pursuant to Title VII on October 23, 2001.

In her Complaint, Henderson alleges retaliation and discrimination based on religion, race, and disability. Henderson contends that Ford discriminated against her by terminating her employment and denying her promotion opportunities, and that Ford retaliated against her for "assisting, giving evidence or testifying" in other employment actions filed against Ford. She also claims that Ford's alleged retaliation is in violation of the Court's order in an earlier lawsuit that she brought against Ford. See Evans v. Ford Motor Company, 768 F. Supp. 1318 (D. Minn. 1991) (Murphy, J.).

Ford denies the allegations of Henderson's Complaint, and now moves to dismiss her claims of discrimination based on her race and religious preference. Ford argues that Henderson is precluded from raising these claims here because she did not mention these claims in her EEOC charge.

**DISCUSSION**

For the purposes of the Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A party "may not assert a claim under Title VII unless it has been filed with the EEOC." Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir. 1997). Subsequently, the party must obtain a right to sue letter from the EEOC before an action may be initiated. Id.; see 42 U.S.C. § 2000e-5(b), (c), (e). The purpose behind these administrative requirements is to ensure that the EEOC has the opportunity to investigate the alleged discriminatory practices and enable it to obtain voluntary compliance and promote conciliatory efforts. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1997). These administrative requirements also serve to provide fair notice of the charges against a party. Id.

In this case, Henderson did file a charge with the EEOC. However, that charge asserted only claims based on retaliation and disability discrimination, and did not include

or even mention her race and religious discrimination claims. Failure to assert these claims in her EEOC charge dictates dismissal of these claims here.

In Williams, the Eighth Circuit held that a plaintiff will be deemed to have exhausted administrative prerequisites with respect to any allegations in the complaint that are "like or reasonably related to the substance of charges timely brought before the EEOC." 21 F.3d at 222. The plaintiff in Williams alleged racial discrimination in her complaint, but failed to include racial discrimination in her EEOC charge. Williams contended that she had exhausted administrative prerequisites because her racial discrimination claim was directly related to her retaliation claim, and because but-for the race discrimination, there would have been no retaliation charge. However, Williams' failure to "check the box" and allege further particulars related to racial discrimination in the EEOC charge resulted in an EEOC inquiry solely into the retaliation claims. The court concluded that the racial discrimination claim was separate and distinct from the retaliation claim and that therefore Williams had not complied with the administrative requirements for raising a racial discrimination claim. The court thus granted the defendant's motion to dismiss the racial discrimination claim. Id.

Similarly, in this matter, the EEOC inquiry focused solely on Henderson's retaliation and disability discrimination claims, because Henderson failed to allege racial or religious discrimination in her charge. In light of Williams, the Court finds that Henderson's racial and religious discrimination claims are not reasonably related to either her disability discrimination or retaliation claims and must therefore be dismissed.

At the hearing on this matter, Ms. Henderson indicated that she would like to amend her Complaint to assert a claim for discrimination under 42 U.S.C. § 1981. Because Ford has filed a pleading responsive to the Complaint, Rule 15 requires that Henderson receive leave of Court or Ford's written consent before she can amend her Complaint. See Fed. R. Civ. P. 15(a). The Court encourages Ms. Henderson to carefully consider the merits of any claim under § 1981 prior to seeking seek leave to amend her Complaint.

**CONCLUSION**

Henderson's charge of discrimination did not contain any reference to racial or religious discrimination. Therefore, she has failed to satisfy the administrative prerequisites with respect to these claims, and the Court does not have jurisdiction over them. They must be dismissed.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Partial Motion to Dismiss (Clerk Doc. No. 8) is **GRANTED**; and
2. Plaintiff's claims for racial and religious discrimination are **DISMISSED WITH PREJUDICE**.

Dated: February 19, 2002

Paul A. Magnuson
United States District Court Judge